Eugenio GALAZ, Plaintiff—Appellant,

and

Frankie Sue Galaz, Plaintiff,

v.

UNITED STATES of America; et al., Defendants—Appellees.

No. 04–15970.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Filed March 31, 2006.

Alan S. Levin, Esq., Incline Village, NV, for Plaintiff–Appellant/Plaintiff.

* The Honorable Lawrence K. Karlton, Senior United States District Judge for the Eastern District of California, sitting by designation.

Adam Bain, Esq., U.S. Department of Justice, Washington, DC, Greg Addington, Office of the U.S. Attorney, John P. Desmond, Jones Vargas, Donald A. Lattin, Esq., Debra O. Waggoner, Esq., Walther Key Maupin Oats Cox & Legoy, LLP, Timothy A. Lukas, Esq., Hale Lane Peek Dennison & Howard, Reno, NV, Lawrence P. Riff, Esq., Steptoe & Johnson, Deanne L. Miller, Esq., Morgan Lewis & Bockius, LLP, Los Angeles, CA, Mackedon & McCormick, Fallon, NV, for Defendants–Appellees.

Before: PAEZ and TALLMAN, Circuit Judges, and KARLTON,* Senior Judge.

## MEMORANDUM **

Plaintiff Eugenio Galaz, by and through his guardian Frankie Sue Galaz, appeals the district court's order dismissing his Third Amended Complaint with prejudice. Plaintiff is a minor residing in the City of Fallon, Nevada (City). He alleges that he was exposed to jet fuel from a leak in a gas pipeline that runs beneath the City and services the nearby United States Naval Air Station. Plaintiff brought suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, joining as defendants the City of Fallon, Exxon Mobil Corporation, and Kinder–Morgan Energy Partners. Plaintiff's complaint was dismissed by the district court because it failed to state a cause of action upon which relief could be granted under Nevada law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Plaintiff seeks to recover the cost of medical monitoring, arising from his alleged exposure to carcinogens in the jet fuel, under theories of liability in negligence, nuisance, strict liability, and fraud. He claims that his exposure has increased the risk that he will develop a disease and that, as a result, he suffers from a well-founded fear of cancer. Plaintiff, however, does not allege that he suffers from a present physical injury or illness and he fails to allege even the circumstances of his exposure.

We analyze plaintiff's federal and supplemental state law claims under Nevada law. 28 U.S.C. § 1346(b)(1). The Nevada Supreme Court recently held that medical monitoring may be available as a remedy for damages based on an existing tort theory, but declined to outline the elements for recovery. *See Badillo v. American Brands, Inc.*, 117 Nev. 34, 16 P.3d 435 (2001). The Nevada Supreme Court has not yet recognized a fear of cancer, absent proof of physical injury or illness, as sufficient to sustain a cause of action in tort. We therefore conclude that plaintiff's failure to allege a legally cognizable injury is sufficient to uphold the district court's dismissal of plaintiff's negligence, nuisance, fraud, and strict liability claims against all defendants.[1]

AFFIRMED.

1. In light of our disposition, we need not address the City of Fallon's additional contention that it is immune from suit by operation of state law and the sovereign immunity doctrine at common law.